**BIG APPLE COOKIE COMPANY, et al., Plaintiffs,**

v.

**SPRINGWATER COOKIE COMPANY, et al., Defendants.**

No. C-3-80-439.

United States District Court, S. D. Ohio, W. D.

June 19, 1981.

Thomas L. Czechowski, Stanley A. Goldsmith, Dayton, Ohio, for plaintiffs.

Charles G. Atkins, Joanne M. Schreiner, William R. Jacobs, Cincinnati, Ohio, for defendants.

RICE, District Judge.

The captioned cause came on to be heard upon several motions. Said motions, and the Court's rulings thereon follow:

1. The motion of the Defendants, Milton and David Kantor, seeking an Order of the Court dismissing the captioned cause as to them, for failure of the Complaint to state a claim against them for which relief can be granted, is deemed by this Court to be not well taken and same is, therefore, overruled in its entirety.

■ This motion was filed and assigned for argument as a motion to dismiss for failure to state a claim upon which relief can be granted. To several of the memoranda, both in support of and in opposition to the aforesaid motion, counsel attached certain materials (deposition segments and an affidavit of Milton Kantor) that went beyond the pleadings. Federal Rule of Civil Procedure 12(b) provides, in effect, that when the parties resort to matters outside of the pleadings in support of or in opposition to a motion to dismiss for failure to state a claim, the Court can, upon its own motion, convert the motion into one for summary judgment and can order further procedures had pursuant to Rule 56. In

this Court's opinion, in order for it to construe the aforesaid motion as one for summary judgment, a further hearing would have to be set, giving the parties notice of not only the fact that the initial motion had been converted into one for summary judgment but also of the opportunity to file any further materials, that are proper pursuant to Rule 56, either in support of or in opposition to said motion. Therefore, in ruling upon the motion to dismiss for failure to state a claim upon which relief can be granted, this Court has reviewed only the Complaint as filed by the Plaintiffs on October 9, 1980 and has, specifically, not considered either the deposition segments or the affidavit of Milton Kantor. Keeping in mind that a motion to dismiss for failure to state a claim upon which relief can be granted should only be granted if the Plaintiffs can prove no set of facts as alleged in the Complaint that would entitle them to recover as a matter of law, this Court deems said Complaint sufficient to withstand the instant motion.

Should this Court have converted the aforementioned motion into one for summary judgment, with ample notice being given to counsel to supplement materials already filed, and should counsel have seen fit to rest upon only those materials now on file, this Court would have, likewise, based upon the reasoning and citations of authority contained in the Plaintiffs' memoranda contra said motion, deemed same to be not well taken and would, therefore, have overruled same. It is too elementary to require citations of authority that, in ruling upon a motion for summary judgment, the materials submitted, both in support of and in opposition to said motion, must be construed in such fashion as to give the party against whom the motion is directed (the Plaintiffs in the instant matter) the benefit of every reasonable inference that can be drawn from the facts presented to this Court. Based upon the materials that have been submitted, were this Court to construe the matter as a motion for summary judgment, the Court would conclude that many genuine issues of material fact exist in the captioned cause, sufficient to deny the Defendants' motion for summary judgment.

In the Preliminary Pretrial Conference Order, filed February 5, 1981, journalizing the results of a preliminary pretrial conference held on Tuesday, January 27, 1981, the Court granted leave of court for all parties to file whatever motions deemed necessary, including motions for summary judgment, not later than September 15, 1981. After discovery has taken place, should Defendants' counsel still be of the mind that a motion for summary judgment is viable, nothing in this Entry should be considered as precluding the filing of such a motion.

2. The motion of the Plaintiff, Richard L. Smythe, seeking an Order of the Court quashing a certain subpoena duces tecum issued against him and, further, seeking an Order of the Court declaring the notice of deposition scheduled for November 6, 1980, to be unreasonable, improper and invalid, is deemed by this Court to be moot and same will, therefore, not be ruled upon. This Court's conclusion is based upon the fact that it has been brought to this Court's attention, by correspondence from counsel, that the deposition in question was reset to December 1, 1980.

3. The motion of the Defendants, seeking an Order of the Court compelling discovery (a deposition of Plaintiff, Richard L. Smythe, heretofore set for December 1, 1980) and for sanctions in the nature of costs, etc., it is deemed by this Court to be not well taken and same is, therefore, overruled.

The attention of the Defendants' counsel is called to Local Rule 3.7.2 requiring that counsel exhaust all extra-judicial means for resolution of discovery impasses and differences. Absent such a certification, this Court is unwilling to intrude itself into the discovery process, at the request of Defendants' counsel. Moreover, this Court, having a firsthand knowledge of all counsel of record, has made the conclusion that each set of attorneys is no less reasonable than the other and, that, given the representation of Plaintiffs' counsel, contained in its memorandum contra, filed December 22, 1980,

that "[P]laintiffs *will cooperate* in scheduling any and all depositions Defendants care to take, provided that the date, time and locations are mutually agreeable," the parties have long since gotten together on a mutually agreeable deposition date for the Plaintiff Smythe. Should this assumption not be correct and, therefore, should Smythe's deposition not have been taken, this Court will convene a hearing on the Defendants' motion to compel discovery, provided Defendants' counsel "revitalize" said motion by a statement, filed with this Court, that a genuine discovery impasse exists.